### PFEIFFER & Co. *vs.* HUNT.

COMPLAINT, FROM MUSCOGEE. Actions. Privity. Contracts. Partnership. Amendment. (Before Judge Willis.)

Hall, J.—1. A declaration showed that P., surviving partner of T. & H., sold the entire property belonging to the partnership, and as a part of the consideration, agreed to assume all of the liabilities of the firm and to pay, in addition, a certain sum of money. The suit was brought on a note made by P., as principal, and H., as security. A copy of the note and agreement was appended, and it was alleged that the note was given for merchandise sold to the principal and surety while in business together, and that the defendant having bought out the business and assumed the liabilities, became liable to pay the note, the plaintiff releasing the makers of all liability:

Held, that the declaration was demurrable for want of privity between the plaintiff and the defendant.

2. There was nothing in the declaration to amend by. Had there been, an amendment could not be made, setting forth an indebtedness by the defendant to the plaintiff on the written contract, whereby it was alleged that the defendant undertook and obligated himself to pay all indebtedness of a certain business conducted by T. & H. before the date of the obligation, and that a certain promissory note payable to the plaintiff for a certain sum of money, made by T., as principal, and H., as security, and due at a date named, was one of the liabilities of the business that defendant agreed to pay, but which he had not paid. This introduced a new and distinct cause of action. Code, §§3479, 3480.

Judgment affirmed.

Hatcher & Peabody, for plaintiffs in error.

Peabody & Brannon, for defendant.